United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERRY NEVES,

              Plaintiff,

    v.

DENNIS VEGA, et al.,

              Defendants.

Case No. 16-cv-02877-SI

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Re: Dkt. No. 1

Jerry Neves, a prisoner currently at the California Substance Abuse Treatment Facility/State Prison in Corcoran, California, filed a *pro se* civil rights action under 42 U.S.C. § 1983 complaining of conditions of confinement at Salinas Valley State Prison, where he earlier was housed. His complaint is now before the court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

The complaint alleges that Neves was subjected to cruel and unusual punishment when he was deprived of laundry services for his work uniform for more than eight months while he was an inmate worker at Salinas Valley State Prison. In his job, he was assigned as an "IAPW," which is an inmate designated to assist inmates with their ADA needs. Docket No. 1 at 6. On April 28, 2014, prison officials began requiring the IAPW inmates to wear "'designated multi-colored ADA pullover jerseys during their working hours.'" *Id.* When Neves received his assigned jersey, he recognized it as the sort of jersey that was previously used by other inmates in intramural sports. *Id.*at 7. The jersey he received smelled of body odor. *Id.*

The IAPWs had to wear the jerseys from April 28, 2014 through January 5, 2015. During this time, prison officials failed and refused to launder the jerseys. Neves worked an unspecified

United States District Court
Northern District of California

1   number of days for shifts of an unspecified length during this period.  He sweat profusely in his

2   jersey on the unspecified number of days when the temperature reached 90 degrees or above, and

3   the jersey got wet on the unspecified number of days when he had to work in rainy weather.

4   When Neves complained that he did not want to wear his jersey because it was filthy, a

5   correctional officer told him to wear it or receive a rule violation report.

6       Neves filed an inmate appeal on or about September 10, 2014.  The response stated that the

7   prison did not have the ability to launder inmate clothing; the prison sent laundry out to another

8   prison for laundering; the only laundry items sent out were the "blues and whites"; new jerseys

9   had been ordered and would be distributed upon arrival; and officials were working on a solution

10  to the laundry problem.  Docket No. 1-3 at 2-3.  The inmate appeal response described the clothing

11  items:  "the sports jersey is a light vest made from breathable material worn on the outside of the

12  wearer's clothes.  The vests are hand-washable or machine washable.  The duties of the IAPW

13  inmates generally do not cause the IAPW inmates to get dirty or sweaty."  *Id.* at 3.

14      On January 5, 2015, SVSP officials required the IAPWs to return the jerseys, thus ending

15  the problem.

16

17                                      **DISCUSSION**

18      A federal court must engage in a preliminary screening of any case in which a prisoner

19  seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28

20  U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any

21  claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

22  seek monetary relief from a defendant who is immune from such relief.  *See id.* at §

23  1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police*

24  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

25      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a

26  right secured by the Constitution or laws of the United States was violated and (2) that the

27  violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487

28  U.S. 42, 48 (1988).

1    The Constitution does not mandate comfortable prisons, but neither does it permit

2    inhumane ones.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The treatment a prisoner

3    receives in prison and the conditions under which he is confined are subject to scrutiny under the

4    Eighth Amendment.  *See Helling v. McKinney*, 509 U.S. 25, 31 (1993).  The Eighth Amendment

5    imposes duties on prison officials to provide prisoners with the basic necessities of life, such as

6    food, clothing, shelter, sanitation, medical care, and personal safety.  *See Farmer*, 511 U.S. at 832.

7    A plaintiff alleging that conditions of confinement amount to cruel and unusual punishment

8    prohibited by the Eighth Amendment must satisfy a two-prong test.  *Wilson v. Seiter*, 501 U.S.

9    294, 298 (1991).  First, a plaintiff must satisfy an objective test showing that "he is incarcerated

10   under conditions posing a substantial risk of serious harm."  *Farmer*, 511 U.S. at 834.  In

11   determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the

12   objective component of an Eighth Amendment claim, courts consider the circumstances, nature,

13   and duration of the deprivation.  *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

14   Second, the plaintiff must prove that the prison official inflicted the deprivation with a

15   "sufficiently culpable state of mind," that is, with "deliberate indifference" to his health or safety.

16   *Farmer*, 511 U.S. at 834.

17       Even with liberal construction, the allegations of the complaint do not state an Eighth

18   Amendment claim.  The situation described, while perhaps unpleasant and offensive to Neves, did

19   not amount to a constitutional violation, as both the objective and subjective prongs are lacking.

20   Neves allegedly had to wear an unlaundered uniform jersey for more than eight months, but his

21   allegations also show that it was a jersey worn over other clothing, was worn only during his work

22   shift.  (And, if the inmate appeal response was correct, the "jersey" was actually more like a sports

23   pinny than a shirt with sleeves.)  The Supreme Court has recognized that "exposure of inmates to a

24   serious, communicable disease" constitutes a substantial risk of harm for the purposes of an Eighth

25   Amendment claim. *Helling v. McKinney*, 509 U.S. 25, 33 (1993).  But Neves does not allege that

26   the jersey came with a communicable disease on it, and the fact that nothing is alleged to have

27   developed in the more than eight months he wore it suggests it was nothing more than malodorous

28   when he received it, which did not pose an objectively serious risk to his health or safety.  Neves'

United States District Court
Northern District of California

United States District Court
Northern District of California

1  complaint also does not state that he was precluded from washing the jersey himself in his cell, in

2  a shower, or on the yard when he was not on duty at an IAPW. The lack of an objectively serious

3  condition also impacts the subjective prong of the Eighth Amendment analysis. Prison officials

4  allegedly refused to help Neves when he complained, but his complaint was of a non-serious

5  condition (i.e., a jersey that smelled of body odor and the fact that he had to wear the jersey (on

6  the outside of his clothing) repeatedly without washing it).

7       Although the complaint fails to state a claim upon which relief may be granted, it cannot

8  be said that leave to amend would be futile. There may be additional facts that Neves left out of

9  the complaint that would elevate the situation from a mere unpleasantry into the realm of cruel and

10  unusual punishment. Therefore, he will be granted leave to amend to allege facts, if he has them

11  to show both prongs of an Eighth Amendment claim.

13  **CONCLUSION**

14       Plaintiff's complaint is dismissed with leave to amend. Plaintiff must file an amended

15  complaint no later than **October 14, 2016**, and must include the caption and civil case number

16  used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is

17  cautioned that his amended complaint must be a complete statement of his claims, except that he

18  does not need to allege any claim that has been dismissed without leave to amend. *See Lacey v.*

19  *Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file an amended

20  complaint by the deadline will result in the dismissal of this action.

21       **IT IS SO ORDERED**.

22  Dated: September 12, 2016

23  _____

24  SUSAN ILLSTON
    United States District Judge